# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| INDY 2 RETAIL 60, LLC<br>d/b/a The Lion's Den<br>110 E. Wilson Bridge Rd. Suite 100<br>Worthington, OH 43085<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CONSOLIDATED CITY OF<br>INDIANAPOLIS AND COUNTY OF<br>MARION, INDIANA<br>c/o Joseph Hogsett, Mayor of Indianapolis<br>200 E. Washington St.<br>Suite 2501<br>Indianapolis, IN 46204<br><br>　　　　Defendant. | CASE NO.  1:21-cv-02985<br><br>JUDGE<br><br><br><br><br><br><br><br>COMPLAINT FOR DECLARATORY<br>JUDGMENT, PRELIMINARY<br>INJUNCTION, PERMANENT INJUNCTION,<br>DAMAGES AND ATTORNEYS' FEES |

## PARTIES AND JURISDICTION

1.　　Plaintiff Indy 2 Retail 60, LLC is a corporation organized and existing under the laws of the State of Ohio and registered to do business in the State of Indiana. It operates an adult bookstore at 4250 E. Southport Rd., Indianapolis, IN 46237 ("the property") in an integrated center within the C-4 zoning district of the Consolidated City of Indianapolis and County of Marion.

2.　　Defendant Consolidated City of Indianapolis and County of Marion is a consolidated city organized and existing under the Constitution and laws of the State of Indiana.

3.　　At all times pertinent to this Complaint, and in taking all of the actions described in this Complaint, Defendant, its officers, agents and employees, acted under color of law and were effecting, and will effect, the custom, policy and laws of the Consolidated City of Indianapolis and Marion County ("Consolidated City").

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this being a civil action arising under the Constitution and the laws of the United States.

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983 and 1988, this being an action for declaratory judgment, equitable relief and damages authorized by law to redress deprivations under color of law of rights, privileges and immunities secured by the Constitution of the United States. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### THE CONSOLIDATED CITY'S SIGN REGULATIONS GOVERNING ADULT BOOKSTORES

6. The Consolidated City's Code of Ordinances regulates "adult entertainment businesses" which include " an adult bookstore, adult motion picture theater, adult mini motion picture theater, adult motion picture arcade, adult cabaret, adult drive-in theater, adult live entertainment arcade, adult motel, or adult services establishment." Sec. 740-202. A copy of the relevant portions of that Section are attached hereto as Exhibit A.

7. "Adult entertainment businesses" are defined by the content of the constitutionally protected expression that they disseminate.

8. Specifically pertinent to this case, an "adult bookstore" is defined by Section 740-202 as:

> An establishment having at least twenty-five percent (25%) of its:
> (1) Retail floor space used for the display of adult products; or
> (2) Stock in trade consisting of adult products; or
> (3) Weekly revenue derived from adult products.
>
> For purposes of this definition, the phrase adult products means books, magazines,

periodicals or other printed matter, or photographs, films, motion pictures, video cassettes, slides, tapes, records or other forms of visual or audio representations which are distinguished or characterized by their emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas. For purposes of this definition, the phrase adult products also means a device designed or marketed as useful primarily for the stimulation of human genital organs, or for sadomasochistic use or abuse. Such devices shall include, but are not limited to, phallic shaped vibrators, dildos, muzzles, whips, chains, bather restraints, racks, non-medical enema kits, body piercing implements (excluding earrings or other decorative jewelry) or other tools of sado-masochistic abuse.

9. "Specified anatomical areas" are defined as any of the following: 1) Less than completely and opaquely covered human genitals, pubic region, buttocks, anus or female breasts below a point immediately above the top of the areolae; or 2) Human male genitals in a discernibly turgid state, even if completely and opaquely covered." Sec. 740-202.

10. "Specified sexual activities" are defined as any of the following:

1. Human genitals in a state of sexual stimulation or arousal;
2. Acts of human masturbation, sexual intercourse or sodomy;
3. Fondling or other erotic touching of human genitals, pubic regions, buttocks or female breasts;
4. Flagellation or torture in the context of a sexual relationship;
5. Masochism, erotic or sexually oriented torture, beating or the infliction of pain;
6. Erotic touching, fondling or other such contact with an animal by a human being; or
7. Human excretion, urination, menstruation, vaginal or anal irrigation as a part of or in connection with any of the activities set forth in subsections 1. through 6. above.

Sec. 740-202.

11. Section 743-305A5 of the Ordinances provides specific sign regulations applicable to adult entertainment businesses:

a. No adult entertainment establishment shall be conducted in any manner that permits the observation of any material depicting, describing or relating to specified sexual activities or specified anatomical areas by display, decorations, sign, show window or other opening from any public view.

3

  b. Number of signs. Not more than one business wall sign shall be permitted for an adult entertainment business and such sign shall be permitted only on the front facade. In addition to the one permitted business wall sign, an adult entertainment business not located within an integrated center shall be permitted not more than one pole or ground sign structure if it is an entity of commercial development held in either private ownership or long-term lease, and that meets all of the requirements of the Zoning District in which it is located. Such requirements shall include direct access to a public street from that property and a full amount of required parking on the site with the use. All other sign structures are prohibited.

  c. Sign surface area. The sign surface areas of a business wall sign for an adult entertainment business shall not exceed an amount equal to 5% of the front building facade of the first floor elevation (first 10 feet) of the premises occupied by the adult entertainment business, or 100 square feet, whichever is the lesser. The maximum sign surface area of a ground or pole sign structure, where permitted, shall not exceed one square foot for each lineal foot of frontage of the lot, or 36 square feet, whichever is the lesser.

  d. Lighting. Signs and sign structures may be illuminated, provided, however, such illumination shall not be by way of exposed neon, exterior lighting (e.g., spot or floodlights), or any flashing or animated lights (either interior to the sign, on the exterior of the sign, or as a border to the sign).

*Id.* A copy of Sec. 743-305A is attached hereto as Exhibit B.

## THE CONSOLIDATED CITY'S SIGN REGULATIONS GOVERNING NON-ADULT BUSINESSES.

  12. Article IX of Chapter 744 of the Code of Ordinances ("the Sign Code") contains comprehensive sign regulations for the Consolidated City. *See* Sec. 744-901 *et seq*. A copy of the relevant portions of that Section are attached hereto as Exhibit C.

  13. Erecting a sign requires one to first obtain an Improvement Location Permit (ILP) unless that particular sign is specifically exempted from that requirement. *See* Sec. 744-903(B).

  14. Section 744-902 of the Sign Code contains the following relevant definitions:

Freestanding Sign: any sign, accessory to the primary use of land, whose primary support is placed on, or anchored in, the ground and is independent from any building or other structure and may include monument signs, pole signs and pylon signs.

4

\*\*\*

Incidental Sign: a permanent sign which has a purpose that is secondary and incidental to the use of the lot on which it is located, such as "hours of operation," "loading zone only," "air," "building directory," and "visitor parking," and which carries no commercial message that is legible beyond the lot on which the sign is located, except for a registered logo on a premises with two or more separately operating businesses
\*\*\*

Marquee: a permanent roof-like projection above an entrance of a building, supported by the building and designed and constructed to provide protection from the weather and may accommodate changeable copy signs or digital displays. A marquee is not a canopy.
\*\*\*

Monument sign: A freestanding sign, accessory to the primary use of land, whose sign face is attached to a proportionate sign base or structural frame that maintains a minimum width, without opening, greater than 80% of the width of the widest part of the sign face a constant width, without opening.
\*\*\*

Pole sign: a freestanding sign, accessory to the primary use of land, that has as its support structure one or more poles anchored in the ground as it extends upward from grade level.
\*\*\*

Primary building sign: A wall sign, canopy sign, marquee sign, skyline sign, roof-integral sign, projecting blade sign, projecting sign or a sign that is not pedestrian-oriented, or other permanent sign, accessory to the primary use of land, that is attached or affixed to a building, and that is not one of the types specified as a secondary building sign.
\*\*\*

Pylon sign: a freestanding sign, accessory to the primary use of land, with its sign face attached to a sign base consisting of one or more supports that, from grade level to the sign face, maintains a minimum width extending upward from grade level of 20% up to 100% of the width of the widest part of the sign face.
\*\*\*

Sign: any structure, fixture, placard, announcement, declaration, device, demonstration or insignia used for direction, information, identification or to advertise or promote any business, product, goods, activity, services or any interests.

\*\*\*

Sign structure: any structure except a building, including the supports, uprights, bracing and framework that supports or is capable of supporting any sign.
\*\*\*

Wall sign: any building sign, accessory to the primary use of land, attached parallel to, and within 18 inches of a wall; it may be painted on or attached to the exterior elevation of a building or parking garage.
\*\*\*

Vehicle entry point sign: Secondary, freestanding, permanent on-premises sign, accessory to the primary use of land, located within 10 feet of the right-of-way and the pavement of a driveway.
\*\*\*

15. Section 744-906 of the Sign Code sets forth sign regulations for businesses in Commercial Districts.

16. In the C-4 zoning district, where Plaintiff is located, businesses that do not qualify as "adult entertainment businesses" are generally permitted to display three different primary freestanding signs: (1) monument signs; (2) pylon signs; and, (3) pole signs. *See* Sec. 744-906-1(A).

17. Moreover, non-adult entertainment businesses are permitted to display two monument signs and one pole sign and one pylon sign, so long as there are not two signs per frontage. *See* Sec. 744-906-1(C).

18. Non-adult businesses are also permitted to display the following secondary primary building signs; two vehicle entry point signs per drive, two incidental signs per acre, and one drive-thru sign. *See* Sec. 744-906-2(A)-(B).

19. Non-adult businesses are also permitted to display the following primary building signs; wall signs, projecting signs, projecting-blade signs, canopy signs, marquee signs, skyline signs and roof-integral signs. *See* Sec. 744-906-3(A).

6

20. For non-adult businesses there is no limit on the number of wall signs permitted within 26 feet of the grade level. *See* Sec. 744-906-1(B).

21. The maximum area permitted for all primary building signs combined for non-adult businesses is not to exceed 20% of the front elevation, 15% of the side elevation and 10% of the rear elevation. *See* Sec. 744-906-1(C).

22. Non-adult businesses in the C-4 district are also permitted to display the following secondary building signs; window, pedestrian oriented projecting and pedestrian oriented suspended.

PLAINTIFF'S ADULT BOOKSTORE AND SIGNAGE

23. Plaintiff Indy 2 Retail 60, LLC operates an adult bookstore, pursuant to a license issued by the Consolidated City under the trade name "Lion's Den."

24. Plaintiff's store is located at 4250 E. Southport Rd., Indianapolis, IN 46237 in the C-4 zoning district of the Consolidated City and is within an "integrated center."

25. Plaintiff meets all of the spacing and zoning requirements required by the Ordinances for adult bookstores. *See* Sec. 743-305A3.

26. Prior to Plaintiff taking over the property, a monument sign was used by the non-adult business that previously operated there.

27. In early 2021, Plaintiff engaged a sign company to assist it in obtaining permits for signs on its property. Plaintiff's representatives submitted applications for a monument sign and a wall sign.

28. The Consolidated City responded that because the store constitutes an adult entertainment establishment within a C-4 district, no monument or other freestanding signs would be permitted and only one wall sign would be permitted.

29. Moreover, Plaintiff's representatives were informed that the proposed wall sign exceeded the size restrictions set forth in Sec. 743-305A5.

30. In addition, the Consolidated City objected to the content of the proposed wall sign. Plaintiff's proposed wall sign read as follows:

Lion's Den
ADULT SUPERSTORE
Pleasure. Passion. Romance.

31. Representatives from the Consolidated City informed Plaintiff's representatives that under the City's interpretation of Sec. 743-305A5(a), none of the proposed language besides the identifier "Lion's Den" would be permitted.

32. Plaintiff's representatives applied for a variance with the BZA to allow for a monument sign on the property. The variance application noted that a monument sign had already existed on the property for over fourteen years when a prior non-adult entertainment business existed on the property. The variance application was denied by the Board of Zoning Appeals.

33. As a result of the content-based sign restrictions imposed upon adult bookstores under the Ordinances, Plaintiff's adult bookstore currently displays one wall sign, located on the front of its building covering only 5% of the front building facade, and which merely identifies the store as "Lion's Den."

34. Plaintiff desires to and would put up primary freestanding signs on its premises, specifically a monument sign and a pole and/or pylon sign, as well as wall signs and other signs that it would otherwise be permitted to do in the C-4 zoning district but for the content based sign restrictions imposed against adult bookstores.

## COUNT I

35. Plaintiff incorporates paragraphs 1 through 34 of its complaint as if fully rewritten.

36. Sec. 743-305A5 of the Ordinances is unconstitutional under the First and Fourteenth Amendments, and Article I, Section 9 of the Indiana Constitution, both on its face and as applied, for each of the following reasons:

   a)  the ordinance imposes an unconstitutional content-based restriction on both commercial and noncommercial protected speech and does not survive strict scrutiny;

   b)  the ordinance does not survive even intermediate scrutiny;

   c)  the ordinance does not survive even the Central Hudson test for commercial speech;

   d)  the ordinance is unconstitutionally overbroad;

   e)  the ordinance does not further either a compelling or substantial governmental interest, and is not the least restrictive means and/or a narrowly tailored means to further any asserted governmental interest;

   g)  the ordinance is more extensive than necessary to further any asserted governmental interests;

   h)  the ordinance imposes an unconstitutional prior restraint on protected expression;

   i)  the ordinance interferes with and abridges the right of plaintiff's customers to receive constitutionally protected expression;

   j)  the ordinance bans lawful, non-misleading commercial speech in a manner that does not directly and materially further any governmental interest in a narrowly tailored way; and

   k)  the ordinance does not further the governmental interests set forth in Sec. 743-305A or Ord. 744-901A, and do not do so in a narrowly tailored way.

37. Plaintiff is therefore entitled to a declaration that the ordinance is unconstitutional,

both on its face and as applied, under the First and Fourteenth Amendments and Article I, Section 9 of the Indiana Constitution.

## COUNT II

38. Plaintiff incorporate paragraphs 1 through 37 of its complaint as if fully re-written.

39. The enforcement and threatened enforcement of Sec. 743-305A5 deprives and threatens to deprive Plaintiff of its rights guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Indiana Constitution to engage in constitutionally protected expression; to be free from prior restraint; and deprives and threatens to deprive Plaintiff's patrons and potential patrons of their rights under the First and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Indiana Constitution to receive Plaintiff's message, all of which has caused and threatens to cause in the future irreparable harm to Plaintiff for which there is no adequate remedy at law.

40. By reason of the irreparable harm Plaintiff has suffered and will continue to suffer, Plaintiff is entitled to a preliminary injunction and thereafter a permanent injunction against the enforcement of Sec. 743-305A5.

## COUNT III

41. Plaintiff incorporates paragraphs 1 through 40 of its complaint as though fully re-written.

42. Defendant's refusal to authorize Plaintiff's proposed wall sign on the ground that its content, specifically "Lion's Den Adult Superstore Pleasure. Passion. Romance." is prohibited by Sec. 743-305A5(a) is an incorrect reading of the Ordinance because the proposed content does not describe or relate to specified sexual activities or specified anatomical areas as defined by the

Ordinances.

43. Plaintiff is therefore entitled to a declaration that the content of Plaintiff's proposed wall sign is not prohibited by Sec. 743-305A5(a).

## COUNT IV

44. Plaintiff incorporates paragraphs 1 through 43 of his complaint as if fully re-written.

45. As a direct and proximate result of Defendant's enforcement of Sec. 743-305A5, Plaintiff has been denied its constitutional rights and has incurred lost revenues due to reduced patronage at its store for all of which it is entitled to compensatory damages.

WHEREFORE, Plaintiff demands on Count I of its Complaint, a declaration that Sec. 743-305A5 is unconstitutional both on its face and as applied under the First and Fourteenth Amendments and Article I, Section 9 of the Indiana Constitution; and,

Upon Count II of its Complaint, a preliminary injunction and thereafter a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and those acting in concert of participation with them who receive actual notice of the injunction by personal service or otherwise, from enforcing Sec. 743-305A5 against Plaintiff; and,

Upon Count III of its Complaint, a declaration that the content of Plaintiff's proposed wall sign is not prohibited by Sec. 743-305A5.

Upon Count IV of its Complaint, compensatory damages in an amount to be determined at trial.

Upon all Counts of its Complaint, the costs and expenses of maintaining this action, including Plaintiff's reasonable attorneys' fees, as well as any other relief, whether legal or equitable, to which Plaintiff may be entitled.

Respectfully submitted,

s/ Joshua S. Moudy
JOSHUA S. MOUDY
Josh@Kammenlaw.com
GRACE B. ATWATER
grace@kammenlaw.com
KAMMEN & MOUDY
135 N. Pennsylvania St.
Suite 1175
Indianapolis, IN 46204
317-236-0400

J. MICHAEL MURRAY (0019626)*
jmmurray@bgmdlaw.com
WILLIAM C. LIVINGSTON (0089538)*
wlivingston@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 PUBLIC SQUARE SUITE 2121
CLEVELAND, OHIO  44113-1949
(216) 781-5245
(216) 781-8207

Attorneys for Plaintiff
*subject to admission *pro hac vice*