UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDY 2 RETAIL 60, LLC<br>   d/b/a LION'S DEN,<br><br>                Plaintiff,<br><br>                v.<br><br>CONSOLIDATED CITY OF INDIANAPOLIS<br>AND COUNTY OF MARION, INDIANA,<br><br>                Defendant. | No. 1:21-cv-02985-JPH-MG |

**ORDER APPROVING STIPULATED JUDGMENT**

Plaintiff, Indy 2 Retail 60, operates an adult bookstore called The Lion's Den in Indianapolis. After the Consolidated City of Indianapolis and Marion County denied its sign requests, The Lion's Den brought this action and filed a motion for preliminary injunctive relief. Dkt. 1; dkt. 4. The parties have now resolved this case and filed a joint motion for the entry of a stipulated judgment. Dkt. [28]. For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

The Lion's Den is an adult bookstore in Indianapolis. Dkt. 1 at 1. It applied for sign permits in early 2021, but was informed that "monument or other freestanding signs" were not permitted and that its proposed wall sign was too large under Indianapolis's sign ordinances. *Id.* at 3–7. Those ordinances regulate the content, number, surface area, and lighting of adult

1

entertainment businesses' signs. *Id.* at 3–4 (citing Code of Ordinances § 743-305(A)(5)).

Because of Indianapolis's sign-permit decisions, The Lion's Den has only one wall sign that "merely identifies the store as 'Lion's Den.'" *Id.* at 8. The Lion's Den wants to put up more signs, so it brought this lawsuit on December 8, 2021, alleging that "sec. 743-305A5 of the Ordinances is unconstitutional under the First and Fourteenth Amendments, and Article I, Section 9 of the Indiana Constitution, both on its face and applied." *Id.* at 8–10. It also filed a motion for a preliminary injunction, asking the Court to enjoin the enforcement of § 743-305(A)(5). Dkt. 4.

On February 11, 2022, the parties filed a joint motion for the entry of a stipulated judgment that would resolve this case and prevent enforcement of § 743-305(A)(5) against The Lion's Den. Dkt. 28.

## II.
## Analysis

A stipulated judgment—also known as a consent decree—is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002); *see Lopez–Aguilar v. Marion County Sheriff's Dept.*, 296 F. Supp. 3d 959, 967, 967 n.4 (S.D. Ind. 2017). A stipulated judgment "proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which the complaint

2

was based.'"  *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

Here, the stipulated judgment includes the parties' agreement that "on Plaintiff's as applied claim, Sections 743-305(A)(5)(b) and 743-305(A)(5)(c) of the Revised Code of the Consolidated City of Indianapolis and Marion County ("Revised Code") may not be enforced against Plaintiff."  Dkt. 28-1 at 1.  The parties "also agree that Section 743-305(A)(5)(a) of the Revised Code does not prohibit the use of the words 'Adult Superstore. Pleasure. Passion. Romance.' on signs."  *Id.*

The Court finds that the stipulated judgment satisfies each of the *Local No. 93* factors.  *See* 478 U.S. at 525.  First, this case is within the Court's jurisdiction because the complaint alleges violations of the First and Fourteenth Amendments.  *See* 42 U.S.C. § 1983; 28 U.S.C. § 1331 (federal question jurisdiction).  Second, the stipulated judgment is within the scope of the complaint because it resolves The Lion's Den as-applied challenges and prohibits Indianapolis from enforcing relevant Revised Code provisions against The Lion's Den.  Dkt. 28-1 at 1.  Third, the stipulated judgment will further the objectives of the First and Fourteenth Amendments "because it will allow Plaintiff to use signs to engage in free speech at 4250 E. Southport Rd., Indianapolis, IN 46237."  Dkt. 28 at 3.

The stipulated judgment must also be "lawful, fair, reasonable, and adequate."  *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir.

1985).  "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiff's case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation; the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Id.*  "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Id.*

 Here, the stipulated judgment is lawful, fair, reasonable, and adequate. It is narrowly tailored to protect the constitutional interests at stake without undermining the interests of third parties.  *See* dkt. 28 at 3.  Both parties have been represented by counsel throughout the proceedings and agree to the stipulated judgment.  And although the stipulated judgment was filed early in the litigation, the record gives no indication that greater discovery would aid the resolution of this case.  The Court therefore approves the stipulated judgment as lawful, fair, reasonable, and adequate.

 The parties have also requested injunctions preventing enforcement of the challenged ordinances against The Lion's Den.  *See* dkt. 28-1 at 2–3.  For the reasons in this order and in the stipulated judgment, those injunctions satisfy Federal Rule of Civil Procedure 65.  A separate order consisting of the injunctions will issue with this order.

The Court retains jurisdiction to enforce the stipulated judgment and agreed injunctions.  *See Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).

### III.
### Conclusion

For the reasons discussed above, the stipulated judgment is **APPROVED**. Dkt. [28].  The Court therefore **ENTERS** the following agreed order:

The First Amendment—which is applicable to the States under the Fourteenth Amendment—prohibits the enactment of laws "abridging the freedom of speech."  U.S. Const., Amdt. 1.  Plaintiff, Indy 2 Retail 60, LLC, contends that Defendant, the Consolidated City of Indianapolis and County of Marion, Indiana, violated Plaintiff's rights under the First and Fourteenth Amendments by enacting ordinances that abridge Plaintiff's freedom of speech.  The parties agree that, on Plaintiff's as applied claim, Sections 743-305(A)(5)(b) and 743-305(A)(5)(c) of the Revised Code of the Consolidated City of Indianapolis and Marion County ("Revised Code") may not be enforced against Plaintiff.  They also agree that Section 743-305(A)(5)(a) of the Revised Code does not prohibit the use of the words "Adult Superstore. Pleasure. Passion. Romance." on signs.

The Court, having considered the relevant law and the parties' stipulated judgment, **HEREBY ORDERS, ADJUDGES, AND DECREES** as follows:

1. The Court has jurisdiction over the federal claims alleged in Plaintiff's complaint under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and the laws of the United States.

2. The Court also has jurisdiction under 28 U.S.C. § 1343(a), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988 because this is an action for declaratory judgment, equitable relief, and damages authorized by law to redress deprivations under color of law of rights, privileges, and immunities secured by the Constitution of the United States.

3. Venue is proper in this district under 28 U.S.C. § 1391.

4. An actual controversy exists between the parties regarding whether Defendant violated Plaintiff's right to freedom of speech under the First and Fourteenth Amendments.

5. Plaintiff contends that Sections 743-305(A)(5)(b) and 743-305(A)(5)(c) of the Revised Code are unconstitutional, on their face and as applied, under the First and Fourteenth Amendments.

6. Plaintiff also contends that Defendant has incorrectly interpreted Section 743-305(A)(5)(a) of the Revised Code to prohibit the use of the words "Adult Superstore. Pleasure. Passion. Romance." on signs.

7. The parties agree that, on Plaintiff's as applied claim, Sections 743- 305(A)(5)(b) and 743-305(A)(5)(c) of the Revised Code may not be enforced against Plaintiff.

8. The parties also agree that Plaintiff may use the words "Adult Superstore. Pleasure. Passion. Romance." on signs under Section 743-305(A)(5)(a) of the Revised Code.

It is therefore **ORDERED** that Defendant, its officers, agents, servants,

employees, attorneys, and those acting in concert of participation with them who receive actual notice of this injunction by personal service or otherwise, are permanently enjoined from enforcing Sections 743-305(A)(5)(b) and 743-305(A)(5)(c) of the Revised Code against Plaintiff at 4250 E. Southport Rd., Indianapolis, IN 46237.  This Order does not address the facial constitutionality of Sections 743-305(A)(5)(b) and 743-305(A)(5)(c) of the Revised Code.

It is further **ORDERED** that Defendant, its officers, agents, servants, employees, attorneys, and those acting in concert of participation with them who receive actual notice of this injunction by personal service or otherwise, are enjoined from enforcing Section 743-305(A)(5)(a) of the Revised Code in a manner that would prevent Plaintiff from displaying signs that include the words "Adult Superstore. Pleasure. Passion. Romance." solely because those words are used on the signs.  The parties did not ask the Court to rule that Section 743-305(A)(5)(a) of the Revised Code is unconstitutional when issuing this order and the Court is not ruling that Section 743-305(A)(5)(a) of the Revised Code is unconstitutional.

It is further **ORDERED**, pursuant to the stipulation of the parties, that all claims asserted in Plaintiff's Complaint not directly addressed by the injunctions stated above are hereby **DISMISSED** without prejudice.

The Lion's Den's motion for preliminary injunction is **DENIED as moot**. Dkt. [4].  The hearing set for March 9, 2022 is **VACATED**.  *See* dkt. 22.  Judgment consistent with this ruling shall issue separately.

**SO ORDERED.**

Date: 2/18/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Grace B. Atwater
KAMMEN & MOUDY
grace@kammenlaw.com

William C. Livingston
BERKMAN, GORDON, MURRAY & DeVAN
wlivingston@bgmdlaw.com

Joshua S. Moudy
KAMMEN & MOUDY
josh@kammenlaw.com

J. Michael Murray
BERKMAN GORDON MURRAY & DEVAN
jmmurray@bgmdlaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov